IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TODD SCHAEFFER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv1128 (JCC/IDD) |
| ) | |
| NORTHERN VIRGINIA COMMUNITY ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Northern Virginia Community College's ("NVCC" or "Defendant") Motion to Dismiss for Failure to State a Claim and Subject Matter Jurisdiction. [Dkt. 29.] For the following reasons, the Court will grant the motion.

**I. Background**

Todd Schaeffer ("Schaeffer" or "Plaintiff") is a former student at NVCC who took several courses from 2006 to 2011. (Def.'s Mem. in Supp. [Dkt. 153-1] at 2.) Beginning in 2007, Schaeffer submitted grade appeals for seven of those courses. (*Id.*; *see also* Compl. [Dkt. 1], Ex. 1, at 17-24.) Pursuant to NVCC's grade appeal policy, he appealed to his

professors, the dean, provost, and the president of NVCC. (*Id.*; *see also* Compl., Ex. 1, at 24-30.)

Schaeffer's complaint contains a litany of allegations. First, he alleges that "[a]ppeals, complaints, and grievances processes did not always follow policy manual but discretion of faculty," and that his "records were altered and not corrected." (Compl. at 1.) He also alleges that "modifications" to NVCC's computer resources rendered him "unable to perform the functions necessary for timely completion of courses." (*Id.*) "Requests for help and extension were wrongfully denied." (*Id.*) Additionally, Schaeffer alleges that a grievance panel was not appointed to hear "grievable matter" related to violations. (*Id.*)

As a remedy, Schaeffer seeks $1,9450.00 as reimbursement for thirteen credit hours, $400.00 in legal expenses, and $350.00 for administrative costs. (*Id.*) "Also, [NVCC] is to provide an official transcript reflecting accurate number of completed credits, correct grade point average (GPA), Bookkeeping and Contract Management (Cum Laude) Certificates with correct graduation dates, and Dean's List standing Spring, Summer, and Fall of 2009." (*Id.*)

It is unclear under what legal theory Schaeffer is asserting in his complaint. It appears from the complaint that he is bringing suit under 34 C.F.R. § 21.10 and 34 C.F.R. §

2

33.2. (*Id.* at 1.) NVCC has moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. in Supp.at 1.) Having been fully briefed and argued, this motion is ripe for disposition.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3522. "[S]ubject matter jurisdiction relates to a federal court's *power* to hear a case, and that power is generally conferred by the basic statutory grants of subject matter jurisdiction, such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012). Section 1331, known as federal question jurisdiction, empowers a federal district court to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332, known as diversity jurisdiction, grants a federal district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

3

interest and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332. The burden is on the party invoking the court's jurisdiction (typically the plaintiff) to establish subject matter jurisdiction. *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). Dismissal is the only remedy when a federal court finds subject matter jurisdiction lacking. *Matthews v. Fairfax Trucking, Inc.*, No. 1:14cv1219-GBL-IDD, 2015 WL 1906073, at *2 (E.D. Va. Apr. 15, 2015) (citing cases).

A defendant may challenge subject matter jurisdiction through a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). "[A] defendant may present a facial attack on upon the complaint where the complaint fails to allege facts upon which subject matter jurisdiction may be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation and internal quotation marks omitted). In such a case, the court assumes the truth of all facts alleged by the plaintiff. *Id.*

Alternatively, a defendant may contend that "the jurisdictional allegations are not true." *Id.* (citation and internal quotation marks omitted). "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* Thus, a district court may go beyond the

4

allegations of the complaint and hold an evidentiary hearing to determine if there are facts to support the jurisdictional allegations. *Id.*

**B. Motion to Dismiss for Failure to State a Claim**

In contrast to a 12(b)(1) motion, which addresses whether a plaintiff has a right to be in federal district court at all, a 12(b)(6) motion addresses whether the plaintiff has stated a cognizable claim, or, in other words, that a complaint is sufficient in that it details a legal cause of action. *Holloway*, 669 F.3d at 453. The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience

5

and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). To survive a motion to dismiss, a plaintiff's complaint must demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Hence, a pleading that offers only "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Moreover, the plaintiff does not have to show a likelihood of success on the merits. Rather, the complaint must merely allege – directly or indirectly – each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

### III. Analysis

The Court first turns to whether it has jurisdiction to hear this case. This case is properly viewed as a facial attack on subject matter jurisdiction, as NVCC is alleging that there are no facts present that bring this action within the Court's jurisdiction.

There is no diversity jurisdiction here. Both Schaeffer and NVCC are citizens of Virginia, and the amount in controversy is well short of the $75,000.00 threshold. The only

6

way this matter could be in federal court is if the cause of action is grounded in federal law. Schaeffer points to 34 C.F.R. § 21.10 and 34 C.R.F § 33.2 as the bases for this Court's jurisdiction. Neither are sufficient to vest this Court with jurisdiction.

The first regulation, 34 C.F.R. § 21.10, implements the Equal Access to Justice Act at the Department of Education. The Equal Access to Justice Act provides for the prevailing party in an action against the United States to collect attorney's fees and costs. 28 U.S.C. § 2412. This includes court proceedings of judicial review of agency action. *Id.* The regulation cited by Schaeffer details which Department of Justice adversary adjudications fall within the ambit of the Equal Access to Justice Act. 34 C.F.R. § 21.10. Since the regulation does not supply a cause of action but rather details when a prevailing party may recover costs, it does not meet the requirement that the cause of action "arise from" federal law. Thus, the regulation does not supply a source of jurisdiction under federal question jurisdiction.[1]

Likewise, 34 C.F.R. § 33.2 does not provide a source of jurisdiction for this Court. That regulation is a list of definitions for the regulatory scheme implementing the Program

---

[1] As NVCC notes, the Office of Civil Rights of the Department of Education did not adjudicate Schaeffer's grade appeal. (Def.'s Mem. in Supp. at 7-8.) Thus, even if this regulation could support this Court's jurisdiction, there are no facts in this case that implicate 34 C.F.R. § 21.10.

Fraud Civil Remedies Act at the Department of Education. The Program Fraud Civil Remedies Act imposes civil penalties and assessments on anyone who knowingly submits a false claim or statement to a federal agency. 31 U.S.C. § 3802. Because this regulation is part of the administrative scheme developed by the Department of Education to root out fraud in its programs, it does not implicate a federal court's jurisdiction.

  Even if the complaint could be construed to properly assert a basis for this Court's jurisdiction, the result would still be the same. Schaeffer has failed to allege a *prima facie* case under any theory of law. The facts alleged do not describe any specific legal misconduct by NVCC. Rather, the complaint merely details his disagreement with NVCC about his academic performance and carefully details all of the administrative channels he pursued in pursuit of a grade change. Dissatisfaction with grades, while disappointing, does not make a federal lawsuit. *See Regents of Univ. of Mich. V. Ewing*, 474 U.S. 214, 226 (1985) ("If a federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies, far less is it suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions – decisions that require an expert evaluation of cumulative information and [are] not readily adapted to the

procedural tools of judicial or administrative decisionmaking.") (citation and internal quotation marks omitted). Therefore, even if the Court had jurisdiction over the case, the complaint must be dismissed for failing to state a claim upon which relief may be granted.

Additionally, the complaint fails to satisfy the pleading requirements under Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8's major function is to provide notice to the opposing party of the claims against it.  *See Sanyal v. Toyota Motor N. Am.*, No. 1:14cv960, at *2 (E.D. Va. Sept. 30, 3014) (citing 5 Wright & Miller, Federal Practice and Procedure § 1202)).  Here, NVCC cannot properly respond to the complaint because the complaint is too speculative for NVCC to be on notice of the claims against it.  *See Garris v. Ocwen Loan Servicing, LLC*, No. 1:14cv118, 2014 WL 1385872, at *2 (E.D. Va. Apr. 9, 2014) ("Plaintiffs' claims are unintelligible.  It is impossible to tell what any Defendant is alleged to have done wrong, let alone whether relief is appropriate.").  Therefore, the complaint fails to meet the requirements of Rule 8 and, if the Court had jurisdiction, the complaint would be dismissed on these grounds as well.

9

## IV. Conclusion

For the following reasons, the Court will dismiss this action. Schaeffer has thirty days from the date of this Memorandum Opinion and accompanying Order to notice his appeal.

|  |  |
|---|---|
| May 12, 2015 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |